## OSBORNE v. ALTSCHUL.

### (Circuit Court, D. Oregon. May 12, 1900.)

### No. 2,570. ·

1. PUBLIC LANDS—PRE-EMPTION—PREFERENCE OBTAINED BY SETTLEMENT.

The preference which a settlement on unsurveyed public lands gives under the pre-emption law is effective against subsequent claimants only when the settler files his declaratory statement within the prescribed three months after the receipt at the land office of the plat of survey.

2. SAME—SUIT BY SETTLER FOR EQUITABLE RELIEF—LACHES.

A settler on public lands, intending to enter the same under the pre-emption laws, who does not appeal from the decision of the local land

office rejecting his application. and who delays 17 years after the land has been patented to another before bringing suit therefor, is barred by laches from the right to equitable relief.

In Equity. On demurrer to bill.

King & Saxton and S. T. Jeffreys, for plaintiff.

Williams, Wood & Linthicum, for defendant.

BELLINGER, District Judge. This is a suit to declare the legal title to certain lands, for which the defendant has a patent, to be held in trust for the plaintiff's benefit. The suit was originally brought in the circuit court of the state of Oregon, for Malheur county, and has been removed to this court. In the original complaint the plaintiff claimed under the homestead laws of the United States. He alleged that during the year 1870 he entered upon the lands in question (the same being vacant and unoccupied public lands) with the bona fide intention of entering the same under the homestead laws of the United States, and that in 1891 he attempted to file a homestead upon said premises, but that his application therefor was rejected by the land department for the reason that the lands applied for had in the meantime, and in the year 1882, been patented to the defendant's predecessor in interest, the Willamette Valley & Cascade Mountain Wagon-Road Company. The plaintiff alleged that he had occupied said lands continuously since 1870, in good faith, and with the intention of entering them under the homestead laws of the United States. After the case was removed to this court the plaintiff had leave to file an amended complaint, which he did. In this amended complaint, plaintiff undertook to claim under the pre-emption or homestead laws of the United States, with a view, as it would seem, of relying upon whichever law should best serve his purposes. In this amended complaint it was alleged that the plaintiff entered upon the lands in question in 1870, with the bona fide intention of entering and holding the same under the pre-emption or homestead laws of the United States; that he built a dwelling house and made other valuable improvements thereon, and resided upon and cultivated said premises, with such intention, from 1870 until the filing of such amended complaint, "with the intention of obtaining title thereto under the pre-emption or homestead laws of the United States." And he alleged that in 1890 he attempted to file a homestead upon said premises, but that his application was rejected by the land department for the reason as stated in the original complaint. Thereafter the plaintiff had leave to file a second amended complaint, which he did, and in which he undertook to set up an equitable title under the pre-emption laws of the United States, alleging a settlement in 1870, with a bona fide intention of entering and holding the land settled upon under the pre-emption laws of the United States, and that he resided upon said premises, with said intention, and continuously cultivated and improved the same, until the present time, with the intention of obtaining title thereto under the pre-emption laws of the United States, and that he still so holds said land. From this last complaint it appears that the lands so settled upon were surveyed in 1874; and that in the same

year the map of their withdrawal from public settlement was filed in the local land office for the district in which the lands were situated; that these lands were selected by the road company in 1879, as inuring to it under its grant, and were patented to said company, through mistake, by the government on the 30th day of October, 1882; that the plaintiff made tender of his pre-emption filing in 1879, but that the local land office refused to receive the same, for the reasons stated in the two preceding complaints. So that the case, as now presented, is one where settlement was made in 1870 upon lands within the limits of a wagon-road grant, and subject, upon selection thereunder, to be taken as a part of such grant, which lands were surveyed and withdrawn from settlement in 1874, and where the attempted pre-emption filing was not made until five years thereafter. It further appears that patent issued to the wagon-road company in 1882,—17 years before the commencement of this suit.

The law requires, in cases where pre-emption settlements are made, as in this case, upon unsurveyed land, that declaratory statements be filed within 3 months from the date of the receipt at the district land office of the approved plat of the township embracing such pre-emption settlements. Rev. St. § 2266. I have no doubt but that a pre-emption settler upon unsurveyed lands may perfect his pre-emption right at any time after the expiration of 3 months from the date of the receipt of the approved township plat at the district land office, if other rights have not intervened in the meantime,—if, in other words, the lands in question are still open to pre-emption at the date of the filing of the declaratory statement. The preference or so-called inchoate right which settlement gives is effective against subsequent claimants only when the settler has made his filing within the prescribed time after the receipt at the land office of the township plat. This the plaintiff did not do, and the lands claimed were in the meantime withdrawn from settlement. The plaintiff's failure to make his filing, or offer of filing, left the lands liable to disposal by the United States, and their withdrawal under the wagon-road grant was a disposition of them, so far as the plaintiff was concerned.

But, aside from this, the plaintiff is precluded in his right to relief by his laches. His offer to file as a pre-emptioner was made in 1879, and was refused. He took no appeal or other action in the land department. In 1882 patents were issued to the wagon-road company. It was then open to him to have brought this suit. He waited, however, 17 years, and until after a judgment had been rendered against him in an action at law, before doing so. After such a delay, without explanation or excuse, it is too late for him to invoke the aid of a court of equity. The demurrer is sustained.